Frost, J.
delivered the opinion of the Court.
The fourth ground of appeal affirms that a magistrate cannot swear an incompetent witness; for that in the act of administering the oath, the magistrate is divested of official authority ; and the oath is a nullity of which peijury cannot *152 be assigned. By parity of reasoning, a magistrate cannot ren(jer an erroneous judgment. But the magistrate bad authority to swear Patrick. By the 15th sec. of the Act of 1839 <qn case a ^ness is not or cannot be produced,” to prove the demand, the magistrate may examine either party; such oath being first proposed to the defendant, and upon his refusal to take it, the same may be proposed to the plaintiff.
2 Russ, mi Cnm. 592.
Sixth ground.' — It is not material from whose representations or suggestion, a witness may swear falsely ; if he does so. He cannot-acquit himself of peijury by proving that he had heard what he testified. If he does not believe what he hears, he swears falsely when he testifies to it as true. When the defendant charged the plaintiff with swearing to a lie, he declared that the plaintiff did not believe what he swore to, and imputed to him perjury. The plaintiff testified positively that the account was just and true — and to the best of his knowledge and beliefj no part thereof was paid. But even if it be admitted the plaintiff only swore that the account was just, to the best of his belief, peijury may be assjgne¿ 0f an 0ath.
The seventh ground presents the question whether it was necessary to prove the allegation that the witness was sworn on the Holy Gospels. This ground was not taken for a non-suit at the trial. Muse, for the plaintiff, testified that he was sworn. The defendant’s witnesses said he was sworn with uplifted hand. The jury were instructed, that if it was proved the plaintiff was sworn, the form of the oath was immaterial. All the witnesses concurred that he did swear. The law does not prescribe any form of oath, under the sanction of which alone a witness can be received to testify. The common form should be used, if the witness does not object to it; but this is a rule of expediency. The modes of attestation may be as various as the diversities of religious faith. It is presumed that the mode which a witness adopts is conformable to his belief, and binding on his conscience, and he will not be permitted to deny it, in order to elude the penalty of peijury.
The statement in the declaration is, “that the said George Y. was duly sworn as a witness, by the said magistrate, and did take his corporal oath upon the Holy Gospel of God, before the said magistrate, he the said magistrate having then and there sufficient and competent power and authority to administer the oath to the said George Y. in that behalf; and the said George Y. being so sworn and having so taken his corporal oath, was then and there examined.” It was sufficient to have set out “that the plaintiff was duly sworn as a witness by the said magistrate,” “and was then and there examined ;” for the form of the oath is not material, and the Court must take notice of the authority of a magistrate to *153 administer an oath. All the rest of the statement was unnecessary.
4 Bam. and C. 380.
2 strob. 273.
2 Hill, 64.
Peake’s Nisi Prius Cases, 211.
Peake N.P.C. 28.
The rules of pleading require that the declaration should' set out every fact necessary to constitute a complete cause of action. Every thing immaterial or irrelevant should be omitted. That which is immaterial may be rejected as sur-plusage and need not be proved. In Bloomfield v. Jones Holroy, J. makes this distinction. “If the'plaintiff states more than is necessary for the gist of the action, the jury may find so much proved and so much not proved; and the Court would be bound to pronounce judgment for the plaintiff upon that verdict; provided the facts proved constitute a good cause of action.” If the jury had found specially, in this case, that the plaintiff was sworn with uplifted hand ; or was duly sworn ; but not on the Holy Gospels, the Court should have rendered judgment for the plaintiff. In The State v. Koppenburg, the indictment charged the defendant with receiving from one Paxton, various drugs, <fcc. stolen from Haviland & Co. knowing then to be stolen. It was held that the offence consisted m receiving stolen goods, knowing them to be stolen, and not in receiving them from the principal felon; and therefore it was unnecessary to name the principal felon in the indictment; and being named, it was unnecessary to prove it, and judgment was rendered on the verdict, though it was not proved that the goods were received from Paxton. The principle of the decision may thus be applied to this case. Perjury consists in the false swearing, without any regard to the form of the oath ; and if it be alleged that the oath was taken in any particular form, the statement is unnecessary and need not be proved. It is sufficient to prove that the defendant was duly sworn.
In the State v. Porter, which was an indictment for perjury, it was held that the allegation, that the oath was taken on the Holy Gospels, was not supported by proof that the witness swore with uplifted hand. That decision rests solely on a nisi prius dictum of Lord Kenyon, in the case of the King v. McCarthur. In the indictment it was alleged that the witness swore on the Holy Gospels. It was proved the witness at first swore on the Testament; but ori information that he was a member.of the Kirk of Scotland, he was desired to swear with uplifted hand, and the oath was so administered. Lord Kenyon observed, if the defendant had only been sworn according to the form of Scotland, this would have been a good objection. But it must be noticed that in Mee v. Reed, a witness was called who insisted on being sworn with uplifted hand, and Lord Kenyon at first inclined not to permit him to be sworn in this form ; but at length determined to receive his evidence. The doubt in this case probably influenced the decision on the indictment *154 for perjury. It has since been well settled that a witness cannot escape the penalty of perjury by any exception to the form of the oath he may have taken ; so that if a Hebrew swear on the Gospels he may be indicted for perjury, if he swear falsely. But the case of the State v. Porter does necessarily conflict with this. Stricter pleading and proof are required in criminal than in civil proceedings; and on this distinction the present case is excepted from the authority of that.
2 Bvod". and™' 232. '
On the first and second of the plaintiff’s grounds of appeal it is sufficient to observe, that the statement of the witnesses that the price of the bonnet was two dollars, does not prove that the plaintiff may not have believed that the price was two dollars and a half. Unless it were impossible for the plaintiff to believe any thing else than their evidence, their assertion, respecting the price of the bonnet, does not prove that the plaintiff swore falsely when he testified differently, and thereby justify, the defendant’s charge of peijury against the plaintiff.
The grounds of appeal which have not been considered were abandoned.
The motions are refused.
The whole Court concurred.

Motions refused.